IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF JACKSON'S GAP, *et al.*, )<br>)<br>    Defendants. ) | CASE NO. 3:07-cv-0402-MEF-TFM |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 5, filed May 25, 2007). By Order filed June 28, 2007, the Magistrate Judge granted permission for Gene Coggins, a frequent *pro se* litigant in this Court, to proceed *in forma pauperis*, but stayed further proceedings on his Complaint filed May 9, 2007 pending review under 28 U.S.C. § 1915(e)(2)(B).[1]

#### I. PARTIES AND COMPLAINT

On May 9, 2007, Coggins initiated this action by filing a Complaint and several motions. The Complaint and Amended Complaint named two defendants: the City of Jackson's Gap ("the City") and Jackson's Gap Police Department ("the Police Department").

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*See* Docs. 1, 8. Coggins alleges these two defendants destroyed certain constitutional rights. Specifically, Coggins alleges that over many years[2] the City and the Police Department have: (1) denied protection to Coggins' family; (2) refused to respond to his complaints about individuals stealing from him or damaging things and failed to serve arrest warrants in response to his complaints of damage to and theft of his property;[3] (3) failed to take prompt action on things he files in court; (4) denied his right to a jury trial by dismissing his cases; (5) denied his right to appeal and his ability to appeal without fees or costs; (6) added charges to every guaranteed constitutional right that he presented; (7) violated his right to a speedy trial;[4] (8) unduly delayed the settlement of his mother's estate; (9) violated his constitutional rights by arresting him and placing him in jail for two hours before a warrant was made out against him for domestic violence and menacing; (10) the failure of a court in Tallapoosa County[5] to enter default and default judgment against Mike Coggins and his sister Dianne Harrelson even though the y did not answer Coggins' complaint against them with which they

---

[2]  No specific dates are mentioned with regard to the referenced events.

[3]  Coggins' nephew Mike Coggins has allegedly been breaking in, stealing, and damaging Coggins' property.

[4]  The Court advises Coggins that the right to a speedy trial acknowledged by the Constitution and the Speedy Trial Act of 1974, 18 U.S.C. § 3161, apply only to the accused in a criminal case and does not apply in a civil context.

[5]  Coggins fails to specify which exact court allegedly did this. The Court takes judicial notice of the fact that Tallapoosa County is one of four counties in the 5th Judicial Circuit. The Alabama Court system includes three types of trial-level courts of limited jurisdiction (probate court, municipal court, and district court) and one trial-level court of general jurisdiction known as a circuit court.

had been served;[6] and (11) fraud by a variety of court clerks.  In articulating his claims, Coggins incorporates by reference papers filed in various other actions in a variety of state and federal courts.  The Court can only review matters filed in *this* case and made part of the official court record.  The Court has no ability or obligation to independently access the court files for cases pending in the state judicial system.  Moreover, Coggins is advised this Court cannot sit as an appellate court and review the actions of the other courts referenced in his Complaint and Amended Complaint.

## II.  DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).  First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)).  Second, once leave has been granted, the

---

[6] In attempting to summarize all of Coggins' claims, the Court has carefully reviewed each and every document Coggins has filed in this case.  The factual predicate for his claims is difficult to discern through the verbiage.  It is particularly difficult to identify which claims are directed to which defendant.  Moreover, the factual basis for his claims is sometimes articulated in other documents than the Complaint (Doc. 1) and Amended Complaint (Doc. 8).  For example, the Motion to Show Cause (Doc. 3) includes additional allegations as well as more underlying facts to the dispute.

court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[7]

The complaint filed by Coggins satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the court is of

---

[7] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

the view, that part of the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(I) - (iii). Plaintiff brings claims against the Jackson's Gap Police Department. Under Alabama law, the Police Department is not a legal entity subject to suit or liability. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). For this reason, all claims in Coggins' Complaint and Amended Complaint against the Jackson's Gap Police Department are due to be dismissed before service on Defendants pursuant to § 1915(e)(2)(I)-(iii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Plaintiff's claims against Defendant Jackson's Gap Police Department be **DISMISSED without prejudice** prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) - (iii).

(2) The Clerk of Court be **DIRECTED** to serve the Summons, Complaint, Amended Complaint, and a copy of all Orders in this file on the City of Jackson's Gap.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **July 25, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of July, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE