IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 3:07-cv-00402-MEF |
| | ) | |
| CITY OF JACKSON'S GAP AND | ) | |
| JACKSON'S GAP, POLICE | ) | |
| DEPARTMENT | ) | |
| | ) | |
|    Defendants. | ) | |
| ------------------------------------------------- | | |
| GENE COGGINS, | ) | |
| | ) | |
|    Plaintiff. | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:07-cv-406-MEF |
| | ) | |
| TALLAPOOSA COUNTY DISTRICT | ) | |
| ATTORNEY OFFICE, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

## ANSWER BY TOWN OF JACKSON'S GAP

COMES NOW the Defendant, Town of Jackson's Gap (incorrectly sued as City of Jackson's Gap), and herewith responds as follows to Plaintiff's Complaint, as amended.

    1.    This Defendant admits it is a municipal entity situated in Tallapoosa County, Alabama. Otherwise, this Defendant denies the allegations of the Complaint and the Amended Complaint and further deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Defendant denies each and every allegation of the Complaint which is not specifically admitted herein and demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

This Defendant avers the Complaint and the Amended Complaint fail to state a cause of action entitling Plaintiff to relief.

### THIRD AFFIRMATIVE DEFENSE

This Defendant pleads lack of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant avers there exists no municipal policy or custom which allegedly resulted in the alleged deprivation of Plaintiff's Constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant avers the allegations of the Complaint and the Amended Complaint fail to rise to the level of an alleged Constitutional deprivation.

### SIXTH AFFIRMATIVE DEFENSE

This Defendant avers negligence will not support a claim for a Constitutional deprivation.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant avers it is not responsible for the alleged actions of others and cannot be held liable on the basis of *respondeat superior* or vicarious liability.

**EIGHTH AFFIRMATIVE DEFENSE**

This Defendant denies it owed Plaintiff any duty.

**NINTH AFFIRMATIVE DEFENSE**

This Defendant avers that Plaintiff's own alleged damages and losses were caused by his own conduct and/or misconduct and, as such, he is barred from recovery.

**TENTH AFFIRMATIVE DEFENSE**

This Defendant pleads contributory negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

This Defendant pleads assumption of the risk.

**TWELFTH AFFIRMATIVE DEFENSE**

This Defendant avers there exists no proximate cause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Defendant avers that Plaintiff has failed to comply with the administrative requirements necessary for maintenance of a suit against a municipality.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Defendant avers that Plaintiff failed to comply with §11-47-23 and §11-47-192, Code of Alabama, 1975, as amended.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Defendant pleads immunity.

### SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant pleads absolute immunity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant pleads good faith.

### EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant pleads substantive immunity.

### NINETEENTH AFFIRMATIVE DEFENSE

This Defendant pleads discretionary function immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

This Defendant pleads immunity pursuant to §6-5-338, Code of Alabama, 1975, as amended.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Defendant pleads immunity pursuant to *Ex Parte Cranman*, 792 So. 2d 392 (Ala. 2000).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant pleads probable cause.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant pleads arguable probable cause.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant pleads legal justification.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant pleads *res judicata*, collateral estoppel, claim preclusion

and/or issue preclusion.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant avers Plaintiff's subsequent conviction conclusively establishes probable cause.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This Defendant avers it cannot be liable for any claims based on fraud or other alleged willful or intentional acts.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This Defendant avers it did not owe Plaintiff any special duty.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This Defendant pleads the statutory cap applicable to any state law claims.

### THIRTIETH AFFIRMATIVE DEFENSE

This Defendant avers that it is immune from punitive damage under any Constitutional or state law claim.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend and/or supplement its Answer as may be necessary.

    /s/   *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney for Defendant Town of Jackson's Gap

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
P.O. Box 116
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600 - Telephone
334-263-5969 - Facsimile

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was duly served via e-mail and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 4th day of September, 2007, upon the following:

Gene Coggins
1436 County Road 299
Lanett, AL 36863

Winthrop E. Johnson, Esq.
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, Alabama 36124

                /s/ *Randall Morgan*
                OF COUNSEL