IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:07cv402-MEF |
| ) | |
| CITY OF JACKSON'S GAP, ) | |
| ) | |
| Defendant. ) | |
| -------------------------------------------------- | |
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:07cv406-MEF |
| ) | |
| TALLAPOOSA COUNTY DISTRICT ) | |
| ATTORNEY OFFICE, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This cause is now before the Court on the plaintiff's Notice of Appeal (Doc. #38) and motion for leave to proceed on appeal *in forma pauperis* (Doc. #39) filed on September 12, 2007.

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[1]  In making

---

[1] *See* 28 U.S.C. § 1915(e):
(2) Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if the
court determines that--
(A) the allegation of poverty is untrue;  or
(B) the action or appeal--

this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "The statute provides that a court 'may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (citing 28 U.S.C. § 1915(d) (1996)).

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987)(quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n. 5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland,* 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *reh'g denied*, 503 U.S. 999 (1992); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "Factual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

Applying the foregoing standard, this Court is of the opinion that the plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith.

Accordingly, it is ORDERED that the plaintiff's motion to proceed on appeal *in forma*

---

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted;  or
(iii) seeks monetary relief against a defendant who is immune from such relief.

*pauperis* is DENIED and that the appeal in this cause is certified, pursuant to 28 U.S.C.A. § 1915(a), as not taken in good faith.

DONE this 26th day of September, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
