IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cv-0402-MEF-TFM |
| | ) | [wo] |
| CITY OF JACKSON'S GAP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------------- | ) | |
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-cv-0406-MEF-TFM |
| | ) | [wo] |
| TALLAPOOSA COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) these cases were referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (3:07-cv-402 Doc. 5, filed May 25, 2007 and 3:07-cv-406, Doc. 13, filed July 9, 2007).  Pending before the Court is Defendant *Tallapoosa County's Motion to Dismiss Plaintiff's Complaint* (Doc. 21, filed August 1, 2007 in 3:07-cv-406) and *Plaintiff's Brief* in opposition of the Motion to Dismiss (Doc. 29, filed August 23, 2007 in 3:07-cv-402).  The cases were consolidated on August 17, 2007 with the lower case number being designated the lead case.  *See* Doc. 28 in 3:07-cv-402.  For good cause, it is the

Recommendation of the Magistrate Judge that the District Court grant the Motion to Dismiss. Further, the Magistrate Judge recommends the District Court dismiss *sua sponte* the claims against the City of Jackson's Gap for the reasons referenced in this Report and Recommendation.

## I.    PARTIES

Plaintiff, Gene Coggins ("Coggins" or "Plaintiff"), is a resident of Lanett, Alabama, which is within the Middle District of Alabama.

Defendant City of Jackson's Gap ("Jackson's Gap" or "the City") is a municipal entity situated in Tallapoosa County, Alabama, within the Middle District of Alabama.

Defendant Tallapoosa County ("Tallapoosa County" or "the County") is a county located within the Middle District of Alabama.

## II.    JURISDICTION

Jurisdiction has been challenged in Tallapoosa County's Motion to Dismiss (Doc. 21 in 3:07-cv-406) and the City's Answer (Doc. 32 in 3:07-cv-402).   The question of jurisdiction will be addressed in detail below.

## III.    NATURE OF THE CASE/FACTUAL BACKGROUND

The underlying facts of this case are necessarily viewed in favor of the nonmovant Plaintiff.  On May 9, 2007, Coggins initiated this action by filing his Complaints and several motions.  The Complaints and Amended Complaints named multiple defendants. *See* Docs. 1, 8 in 3:07-cv-402 and Docs. 1, 12 in 3:07-cv-406. Coggins alleges the defendants destroyed

certain constitutional rights. Specifically, Coggins alleges that over many years[1] Jackson's Gap and Tallapoosa County: (1) denied protection to Coggins' family; (2) refused to respond to his complaints about individuals stealing from him or damaging things and failed to serve arrest warrants in response to his complaints of damage to and theft of his property;[2] (3) failed to take prompt action on things he files in court; (4) denied his right to a jury trial by dismissing his cases; (5) denied his right to appeal and his ability to appeal without fees or costs; (6) added charges to every guaranteed constitutional right he presented; (7) violated his right to a speedy trial;[3] (8) unduly delayed the settlement of his mother's estate; (9) violated his constitutional rights by arresting him and placing him in jail for two hours before a warrant was made out against him for domestic violence and menacing; (10) a court in Tallapoosa County[4] failed to enter default and default judgment against Mike Coggins and his sister Dianne Harrelson even though they did not answer the complaint which had been

---

[1]    No specific dates are mentioned with regard to the referenced events.

[2]    Coggins' nephew Mike Coggins has allegedly been breaking in, stealing, and damaging Coggins' property.

[3]    The Court has already advised Coggins that the right to a speedy trial, acknowledged by the Constitution and the Speedy Trial Act of 1974, 18 U.S.C. § 3161, applies only to the accused in a criminal case and does not apply in a civil context.

[4]    Coggins fails to specify which court failed to enter default judgment. The Court takes judicial notice of the fact Tallapoosa County is one of four counties in the 5th Judicial Circuit. The Alabama Court system includes three types of trial-level courts of limited jurisdiction (probate court, municipal court, and district court) and one trial-level court of general jurisdiction known as a circuit court.

served upon them by Coggins; and (11) fraud by a variety of court clerks.[5] In articulating his claims, Coggins incorporates by reference papers filed in various other actions in a variety of state and federal courts. As noted in prior opinions and recommendations, this Court can only review matters filed in *these* cases and made part of the official court record. The Court is unable and not obliged to independently access the court files for cases pending in the state judicial system. Moreover, Coggins is advised this Court cannot sit as an appellate court and review the actions of the other courts referenced in his Complaints and Amended Complaints.

The Court previously dismissed Defendants Tallapoosa County's Sheriff Department and Jackson's Gap Police Department from these suits under 28 U.S.C. §1915(e)(2)(B)(i) - (iii). *See* Docs. 19, 25 in 3:07-cv-402 and Doc. 13 in 3:07-cv-406. Thus, the only remaining Defendants are Tallapoosa County and City of Jackson's Gap.[6]

_____

[5] In attempting to summarize all of Coggins' claims, the Court has carefully reviewed each and every document Coggins has filed in these cases. The factual predicate for his claims is difficult to discern through the verbiage. To quote a previous court, in his various complaints "Coggins intersperses a mongrel of generalized declarations of his violated rights, non-specific frauds and crimes by defendants, and citations to cases, rules and statutes from assorted state and federal jurisdictions." *See Coggins v. Sinclair*, Civ. Act. No. 3:06-cv-687 (M.D. Ala. 2006) (Boyd, J.) (Doc. 21 at § 2A).

[6] From the Complaint itself, it appeared Coggins initially named the "Tallapoosa County District Attorney Office" in 3:07-cv-406. However, the Summons prepared and submitted by Coggins was addressed to Tallapoosa County. Moreover, in his Amended Complaint (Doc. 12), Coggins makes it clear he intended Tallapoosa County to be the named defendant and was not asserting claims against the Tallapoosa County District Attorney Office. *See also* "Memorandum Opinion and Order" (Doc. 13) in 3:07-cv-406.

## IV. DEFENDANT TALLAPOOSA COUNTY'S MOTION TO DISMISS

In the pending Motion to Dismiss, Tallapoosa County asserts Plaintiff's claims fail

for the following reasons:

(1)     Plaintiff's claims do not satisfy the requirements of Rule 8 of the Federal Rules

of Civil Procedure;

(2)     Plaintiff's claims are barred by *res judicata* and/or collateral estoppel;

(3)     Plaintiff's claims fail to state claim for which relief may be granted and should

be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure;

(4)     Plaintiff fails to establish federal subject matter jurisdiction and has not alleged

diversity jurisdiction;[7]

(5)     Tallapoosa County is not responsible for the Sheriff's Department, Probate

Court, or the City Police Department.

(6)     Tallapoosa County cannot be held liable through *respondeat superior*.

(7)     The probate judge would be entitled to judicial immunity and thus Tallapoosa

County would be entitled to immunity in the event Tallapoosa County could

be construed as being responsible for the Court's actions.

Coggins filed his response brief to the motion to dismiss on August 23, 2007. *See*

Doc. 29 in 3:07-cv-402. His response, though lengthy, includes only his prior allegations and

general attacks against the judicial system. Moreover, Coggins focuses on a perceived

---

[7]     Though the rule is never specifically referenced, the Court construes this as a
Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

default and default judgment in both cases which did not occur as both defendants timely

filed their answers.[8]

## V. STANDARDS OF REVIEW

A Rule 12(b)(1) motion directly challenges the district court's subject matter

jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). A motion to

dismiss for lack of subject matter jurisdiction may occur either facially or factually.

*Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003) . A "facial attack" is

based solely on the pleadings and requires the court to assess whether the plaintiff has

alleged a sufficient basis for subject matter jurisdiction. *Id.*; *Lawrence v. Dunbar*, 919 F.2d

1525, 1529 (11th Cir. 1990). Further, for the purposes of the court's analysis, the allegations

in the plaintiff's complaint are taken as true. *Id*. On the other hand, a "factual attack"

challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323

F.3d at 925. The burden of proof on a Rule 12(b)(1) motion is on the party averring

jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446,

62 S.Ct. 673, 86 L.Ed. 951 (1942)).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.

*Gilmore*, 125 F. Supp.2d at 471. It is a low threshold for the non-moving party to survive

a motion to dismiss for failure to state a claim in order to reflect the liberal pleading

---

[8]    Summons was issued to Jackson's Gap on August 10, 2007 and the Answer was
filed on September 4, 2007. *See* Docs. 28, 32 in 3:07-cv-402. Summons was issued to
Tallapoosa County on July 10, 2007 and the Answer was filed August 1, 2007.

requirements set forth in the Federal Rules of Civil Procedure.  *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*).  In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true.  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)).  However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[9]

In other words, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1966 (2007).  Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id*. (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to

---

[9]     *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## VI.  DISCUSSION AND ANALYSIS

### A.    Subject Matter Jurisdiction

When there is no allegation of diversity jurisdiction, the Court must have original jurisdiction to proceed. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir. 1994) (citing statute). Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute and in limited circumstances, federal question jurisdiction may also be available if a substantial, disputed

question of federal law is a necessary element of a state cause of action. *City of Huntsville*, 24 F.3d at 171-72 (citations omitted). "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *accord Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found.).

The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983). The Eleventh Circuit has described the *Rooker-Feldman* doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Goodman ex. rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)).

Despite his numerous pleadings, the majority of Coggins' claims would be considered

a federal court review of a state-court judgment in violation of the *Rooker-Feldman* doctrine. The Court finds the following claims as enumerated by Coggins are within the ambit of the *Rooker Feldman* doctrine: (3) failure to take prompt action on things he files in court; (4) denial of his right to a jury trial by dismissing his cases; (5) denial of his right to appeal and his ability to appeal without fees or costs; (6) addition of charges to every guaranteed constitutional right that he presented; (8) undue delay in the settlement of his mother's estate; (10) the failure of a court in Tallapoosa County to enter default and default judgment against Mike Coggins and his sister Dianne Harrelson even though they did not answer Coggins' complaint against them which had been served upon them; and (11) fraud by a variety of court clerks. The claims listed above would all be prohibited under the *Rooker-Feldman* doctrine and as such, the Court is without *federal* subject matter jurisdiction over these claims. Further, neither the United States Constitution nor any act of Congress authorizes this Court to entertain these causes of action. Thus, dismissal of these claims against Jackson's Gap and Tallapoosa County is appropriate.

**B.     Preclusion Issues**

Defendants assert Coggins claims are barred by *res judicata* and collateral estoppel. *See* Doc. 32 at p. 4-5 in 3:07-cv-402 and Doc. 21 ¶ 2 in 3:07-cv-406. *Res judicata* and collateral estoppel would apply in instances where a court has already ruled on a particular claim or issue. However, the elements for claim and issue preclusion are different and therefore should be analyzed separately.

i.    *Res Judicata*

*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)). The Eleventh Circuit summarized the doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. ... In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11thCir. 1986) (internal citations omitted); *see also Ragsdale*, 193 F.3d at 1238 (stating four elements). For a claim to be barred by *res judicata* (claim preclusion) it must meet all four of these elements.

a.    **Elements 1 and 2 - Final judgment by a Court of Competent Jurisdiction**

No dispute exists as to the first and second elements, as there is clearly a final judgment in the Middle District of Alabama. The Court's order to dismiss the case was a final judgment on the merits and the decision was rendered by a court of competent jurisdiction. The next step is to determine whether the parties are the same or in privity and whether the claims are the same.

**b.    Element 3 - Identical Parties**

Parties are "identical" for the purposes of res judicata when they are the same or in privity with one another. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). Privity is defined as "a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Id.* (citing *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986)). Coggins claim about undue delay in the settlement of his mother's estate has been litigated numerous times before this court. *See Coggins v. Sinclair, et al.*, Civ. Act. No. 3:06-cv-687-WHA (M.D. Ala. 2006); *Coggins v. Sinclair*, Civ. Act. No. 3:07-cv-525-WKW (M.D. Ala. 2007). While this Court concludes they would be barred under *Rooker-Feldman*, Coggins' probate claims against Tallapoosa County would also be barred under *res judicata*. Tallapoosa County was a named defendant in *Coggins v. Sinclair, et al.*, Civ. Act. No. 3:06-cv-687-WHA (M.D. Ala. 2006) and thus is an identical party.

Jackson's Gap was not a named party in either lawsuit, and thus the Court must determine whether it is in privity with the named defendants. A party is not in privity merely because the plaintiff makes identical claims against them. *Hart*, 787 F.2d 1468, 1473 (11th Cir. 1986). The Eleventh Circuit has recognized three types of relationships between parties and nonparties that will establish privity between the parties in the first action and parties in succeeding actions: (1) where the non-party shares or legally succeeds to the interest of the prior party, particularly an interest in property; (2) where the non-party effectively controlled the prior litigation; and (3) where the non-party's interests were so similar to the interests of

Page 12 of  20

the party to the prior action, that the prior party acted as the non-party's virtual representative. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286-87 (11th Cir. 2004). No evidence is before the Court to establish either of the first two types of relationships between Jackson's Gap and Tallapoosa County, so the Court turns to the theory of virtual representation. Virtual representation is a doctrine that applies "when the respective interests are closely aligned and the party to the prior litigation adequately represented those interests." *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1986) (quoting *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 587 (11th Cir. 1983)). Coggins' allegations regarding the probate of his mother's estate clearly stem from the underlying actions of Judge Sinclair. Jackson's Gap is a city located within Tallapoosa County and any probate matters within the city limits would be litigated in Tallapoosa County Probate Court. As such, the Court concludes the interests of Tallapoosa County and Judge Sinclair are sufficiently related to those of Jackson's Gap that they would have served as the virtual representatives of Jackson's Gap.

### c.    Element 4 - Same Cause of Action

In this circuit, whether the causes of action are determined to be the same is when the primary right and duty are the same. *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (citations omitted). The test is one of substance, not form. *I.A. Durbin*, 793 .2d at 1549. In other words, *"[r]es judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356-57

(11th Cir. 1998) (quoting *Manning*, 953 F.2d at 1358-59).

Coggins specifically asserts Defendants delayed the proceedings in probating his mother's will and denied his appeal to the circuit court in Tallapoosa County. *See* Doc. 1 at p. 7 in 3:07-cv-402 and Doc. 1 at p. 7 in 3:07-cv-406. The identical issue was presented in *Coggins v. Sinclair, et al.*, Civ. Act. No. 3:06-cv-687-WHA. The Court therefore concludes Coggins' claim for undue delay in the settlement of his mother's estate is barred by the doctrine of *res judicata* and should be dismissed.

### ii.     Collateral Estoppel

"When claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Citibank*, 904 F.2d at 1501 (citations omitted). Thus, while this Court has already determined the probate claim would be barred under *res judicata*, in the alternative, it would also be precluded under collateral estoppel. Four elements must be met in the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *I.A. Durbin*, 793 F.2d at 1459 (citations omitted).

Coggins' claims which arise from the probate of his mother's estate satisfy the

requirements for preclusion by collateral estoppel. The issues are identical to those in the prior suit. *See Coggins v. Sinclair, et al.*, Civ. Act. No. 3:06-cv-687-WHA (M.D. Ala. 2006), Doc. 1. The issue was litigated and the determination of the issue was a critical and necessary part of the judgment. Finally, in the prior suit, Coggins was given notice and opportunity to amend his complaint prior to the Report and Recommendation issued by the Magistrate Judge. *See Coggins v. Sinclair, et al.*, Civ. Act. No. 3:06-cv-687-WHA. Thus, Coggins had a full and fair opportunity to litigate the issue in the prior proceeding. Based on the above, all the elements for collateral estoppel have been established and the issues pertaining to Coggins' mother's estate are barred and due to be dismissed.

## C.     Failure to State a Claim

Coggins' remaining claims are due to be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Coggins claims Defendants (1) denied protection to Coggins' family, (2) refused to respond to his complaints about individuals stealing from him or damaging things and failed to serve arrest warrants in response to his complaints of damage to and theft of his property, (7) violated his right to a speedy trial, and (9) violated his constitutional rights by arresting him and placing him in jail for two hours before a warrant was made out against him for domestic violence and menacing.[10]

### i.     The Failure to Protect

Coggins asserts the Defendants have a duty to protect him from his nephew, Mike

---

[10]     The claims are again numerically identified as previously listed in the earlier part of this Report and Recommendation.

Coggins.  *See* Doc. 1 at p. 7-8 in 3:07-cv-402; Doc. 1 at p. 7-8 in 3:07-cv-406.  "[T]he Due

Process Clauses generally confer no affirmative right to governmental aid, even where such

aid may be necessary to secure life, liberty, or property interests of which the government

itself may not deprive the individual."  *DeShaney v. Winnebago County Dep't of Social

Services*, 489 U.S. 189, 196, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989).  In other words,

the due process clause acts as "a limitation on the State's power to act, not as a guarantee of

certain minimal levels of safety and security."  *Id.* at 195, 109 S.Ct. at 1003.  There is no

requirement that the government protect its citizens against invasion by private actors.  *Id.*;

*see also Wooten v. Campbell*, 49 F.3d 696 (11th Cir. 1995) (citing to *DeShaney* and holding

there is no constitutional right to protection from a private party).  Defendants were under

no constitutional duty to protect Coggins' property from encroachment by Mike Coggins or

any other private individual.  Therefore, the undersigned recommends the dismissal of the

claim.

### ii.       Criminal Prosecution

To the extent Coggins asserts Defendants have failed to charge, arrest, prosecute, or

otherwise respond to his complaints against certain individuals, the claim fails to rise to the

level of a constitutional violation.  A "private citizen lacks a judicially cognizable interest

in the prosecution or non-prosecution of another."  *Town of Castle Rock, Colo. v. Gonzales*,

545 U.S. 748, 767 n. 13, 125 S.Ct. 2796, 2809, 162 L.Ed.2d 658 (2005) (quoting *Linda R.

v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *Leeke v.

Timmerman*, 454 U.S. 83, 85-86, 102 S.Ct. 69, 70, 70 L.Ed.2d 65 (1981); *see also Burt v.

*Holcombe*, Civ. Act. No. 00-0452RVL, 2000 WL 1848082, *2-3 (S.D. Ala. 2000) (claim that police chief and detective failed to respond to plaintiff's inquiries and arrest individuals responsible for stealing checks was not of constitutional magnitude). As the Court finds no violation of a constitutional right, the claim is without legal merit and should be dismissed for failure to state a claim for which relief can be granted.

### iii.    Speedy Trial

The Court previously advised Coggins the right to a speedy trial, acknowledged by the Constitution and the Speedy Trial Act of 1974, 18 U.S.C. § 3161, applies only to the accused in a criminal case and does not apply in a civil context. Therefore, this Court recommends the claim be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### iv.    Section 1983 - False Arrest and False Imprisonment

Coggins appears to make a claim for false imprisonment and false arrest in violation of 42 U.S.C. § 1983. Specifically, he alleges "[b]efore leaving the sheriff came out and told me that Jackson's Gap Police had an [sic] warrant out for my arrest. I was placed in jail and about two hours later the Jackson's Gap Police Officer came in and made out a warrant against me for domestic violence, and menacing." *See* Doc. 1 at p. 8 in 3:07-cv-406. It is well established that there can be no *respondeat superior* for § 1983 claims. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1290 (11th Cir. 2004). Therefore the named defendant in a § 1983 suit may only be held liable for its own unconstitutional conduct and

not that of subordinates or employees. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38.

With regard to the claim against Tallapoosa County, the question is whether the County itself violated Coggins' constitutional rights. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, acts which the local government has officially sanctioned or ordered." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1287 (11th Cir. 1998) (internal quotations and citations omitted). Consequently, "local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Id.* at 1292. To determine whether Tallapoosa County is a proper defendant "[a] court's task is to 'identify those officials or government bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-85, 117 S.Ct. 1734, 1736, 128 L.Ed.2d 1 (1997) (quoting *Jett v. Dallas Indep. School. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)). Case law is well settled that an Alabama county sheriff is an executive officer and therefore not an employee of the county for the purposes of imposing liability on the county. *See Turquitt*, 137 F.3d at 1288 (citing *Parker v. Amerson*, 519 So.2d 442, 443 (Ala. 1987) and *Hereford v. Jefferson County*, 586 So.2d 209, 209 (Ala. 1991)). As a result, the claims against Tallapoosa County for false arrest and imprisonment must be dismissed under Rule 12(b)(6) as the sheriff is not an employee of Tallapoosa County for purposes of imposing liability.

For the claim against Jackson's Gap, again the question is whether the City itself

violated Coggins' constitutional rights. A municipality may be found liable under § 1983 only if the violation of the plaintiff's rights is attributable to a municipal policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38; *Williams v. Town of White Hall, Ala.*, 450 F.Supp.2d 1300, 1303 (M.D. Ala. 2006). Therefore, Coggins must show (1) his Fourth Amendment rights were violated and (2) the violation was attributable to a policy or custom of Jackson's Gap. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120, 112 S.Ct. 1061, 1065, L.Ed.2d 261 (1992); *Wyke v. Polk County Sch. Bd.*, 129 F.3d 560, 568 (11th Cir. 1997). It's questionable, at best, whether Coggins can establish the first prong of the test, but more importantly, Coggins has provided absolutely no evidence of an unconstitutional policy or custom on the part of Jackson's Gap. Consequently, his claims for false arrest and false imprisonment against the City must also be dismissed under Rule 12(b)(6).

## VII.  CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1)    Defendant Tallapoosa County's *Motion to Dismiss Plaintiff's Complaint* (Doc. 21 in 3:07-cv-406) be **GRANTED**;

(2)    Defendant Tallapoosa County be **DISMISSED with prejudice**.

(3)    Defendant City of Jackson's Gap be **DISMISSED with prejudice** *sua sponte*.

(4)    These cases (3:07-cv-402-MEF and 3:07-cv-406-MEF) be dismissed with prejudice.

(5)    Any remaining outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **November 5, 2007.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd day of October, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE